UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ALEKSANDER SKARZYNSKI,  )<br>     Plaintiff,   )<br>                        )<br>     v.                    )<br>                        )<br>ERIC H. HOLDER, JR., DAVID A. )<br>CAPP, and KATHLEEN SEBELIUS, )<br>     Defendants.   ) | Cause No.: 2:14-CV-172-RL-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Seal [DE 4], filed by *pro se* Plaintiff Aleksander Skarzynski on May 23, 2014. Plaintiff asks that the entire case be sealed to protect the safety of his minor son (a child custody dispute factors heavily in the Complaint) and to ensure that Plaintiff is not subject to retaliation by his former employer.

Northern District of Indiana Local Rule 5-3 provides, "No document will be maintained under seal in the absence of an authorizing statute, Court rule, or Court order." N.D. Ind. L.R. 5-3(a). The Seventh Circuit Court of Appeals has held that there is a general presumption that judicial records are public. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). That presumption "can be overridden only if . . . there is good cause for sealing a part or the whole of the record in that case." *Id.* (citations omitted). "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification" by the Court. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). Thus: a motion to file documents under seal must justify the claim of secrecy, analyzing the applicable legal criteria. *See Citizens First*, 178 F.3d at 945; *see also, e.g.*, *Cnty Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007); *Baxter Int'l v. Abbott Lab.*, 297 F.3d 544, 547 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

Plaintiff's concern about retaliation from his former employer (who is not a defendant in this case) does not warrant sealing this case. His motion provides no reason (legal or factual) to think that there is a "high probability" that documents filed in this case will result in retaliation from his former employer. Pl's. Mot. to Compel 2. This falls short of the "rigorous justification" the Court needs to justify sealing a case. *Hicklin Eng'g, L.C.*, 439 F.3d at 348; *Cf. Noe v. Carlos*, 2:08 CV 227, 2008 WL 4411558 (N.D. Ind. Sept. 25, 2008).

Regarding the safety of his minor son, Federal Rule of Civil Procedure 5.2 provides that, "[u]nless the court orders otherwise, in [a filing] that contains . . . the name of an individual known to be a minor, the filing may only contain . . . the year of the individual's birth [and] the minor's initials." Fed. R. Civ. P. 5.2(a). Protection of Plaintiff's son's identity is hence warranted. But, as the heading of Rule 5.2(a) implies, the proper way to protect this information is to redact it, not to seal the whole record.

Thus, for these reasons the **GRANTS in part** (with relief different than requested) and **DENIES in part** the Motion to Seal [DE 4]. The Court grants the motion insofar as it seeks to protect the identity of Plaintiff's minor son, but, rather than sealing the entire case, the Court instead **ORDERS** Plaintiff to refile his Complaint by August 11, 2014, with his son's identifying information (name, birth date, etc.) redacted as provided for in Federal Rule of Civil Procedure 5.2. No other changes may be made.[1] The Court also **ORDERS** Plaintiff to refrain from naming his son in all future court filings. The Court denies the motion insofar as it seeks to have this case sealed to protect Plaintiff from retaliation by his former employer.

The Court **DIRECTS** the Clerk of Court to keep the Complaint under seal until Plaintiff files

---

[1] The redacted copy of the Complaint is not an Amended Complaint. And nothing in this Order prevents Plaintiff from amending his Complaint pursuant to the provisions of Federal Rule of Civil Procedure 15.

a redacted copy. After the redacted Complaint is filed, the Clerk shall replace the original Complaint with the redacted copy. The Court **DIRECTS** the Clerk of Court to include the original, unredacted Complaint as a sealed attachment to the redacted version. The Court also **DIRECTS** the Clerk of Court to keep the Motion to Seal [DE 4] under seal, since it contains the minor's full name. The remainder of this case is **ORDERED UNSEALED**.

SO ORDERED this 29th day of July, 2014.

                                          s/ Paul R. Cherry
                                         MAGISTRATE JUDGE PAUL R. CHERRY
                                         UNITED STATES MAGISTRATE JUDGE

cc:     All counsel of record
       Plaintiff, *pro se*