# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ALEKSANDER SKARZYNSKI, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>ERIC H. HOLDER, JR., DAVID A. )<br>CAPP, and KATHLEEN SEBELIUS, )<br>      Defendants. ) | Cause No.: 2:14-CV-172-RL-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion to Redact Additional Information [DE 10], filed by Plaintiff, *pro se*, on August 12, 2014, and a Motion to Withdraw Supeona [*sic*] [DE 11], filed as a sealed motion by Plaintiff on August 14, 2014. Defendants did not file any response, and the time to do so has passed. The Court considers each in turn.

### I. Motion to Redact Additional Information

Plaintiff initially sought to maintain the entire case record under seal, stating concern to protect the safety of his minor son and to prevent retaliation by his former employer. The Court granted that motion in part and ordered Plaintiff to refile his Complaint with his son's identifying information redacted as provided for in Federal Rule of Civil Procedure 5.2. The Court also directed the Clerk of Court to keep the original version of the Complaint under seal until Plaintiff filed a redacted version and, once Plaintiff had done so, to attach the original, unredacted version as a sealed attachment to it.

On August 4, 2014, Plaintiff filed his redacted version. This version did not, however, include the exhibits to the Complaint, some of which contained the minor's name. Those exhibits, along with the original version of the Complaint, remain under seal.

Plaintiff now asks to file redacted versions of the exhibits. Specifically, he asks that he be

given leave to redact from those exhibits information identifying his minor son, as well as confidential information protected by the Health Insurance Portability and Accountability Act (HIPAA) as well as information he regards as being protected by attorney–client privilege or as being irrelevant to this lawsuit.

Insofar as he seeks to redact the same information he was directed to redact in his Complaint, the Court grants his request. He must also redact all confidential patient information protected by HIPAA. The Court further Orders Plaintiff to redact *any* part of his exhibits that contains social security numbers (the last four digits need not be redacted), birth dates (birth years need not be redacted), the names of any minors (initials are permitted), or financial-account numbers (the last four digits need not be redacted). *See* Fed. R. Civ. P. 5.2(a).

Attorney–client privilege, however, is not a valid reason for redaction in this case. Plaintiff is not an attorney, and the privilege protects the *client*, not the attorney. *See, e.g.*, Ind. R. Prof. Conduct 1.6(a). And he makes no other argument why the information he seeks to redact should not be part of the public record.

Plaintiff also seeks leave to redact or seal portions of his hundreds of pages of exhibits that he thinks are irrelevant. While he may be right about irrelevance of parts of these exhibits, redaction or sealing is not the proper remedy.

## II. Motion to Withdraw Subpoena

Plaintiff, in a motion filed under seal, asks the Court to withdraw a subpoena for the production of documents. The motion, however, does not point to this Court's involvement with any subpoena, and it is hence denied.

The motion identifies the recipient of the subpoena by name and full birth date. Full birth

dates generally may not be included in court filings. *See* Fed. R. Civ. P. 5.2(a)(2). Accordingly, the Court directs the Clerk to maintain this motion under seal.

### III. Conclusion

For these reasons the Court **GRANTS in part** and **DENIES in part** the Motion to Redact Additional Information [DE 10]. The motion is granted *only* insofar as it seeks to redact information identifying his minor son, confidential patient information, or other information protected by Federal Rule of Civil Procedure 5.2(a). The motion is denied insofar as it seeks to redact the information he thinks is irrelevant or claims is protected by attorney–client privilege. The Court **GRANTS** Plaintiff until September 19, 2014, to file the redacted versions of the exhibits. The Court **DENIES** the Motion to Withdraw Supeona [*sic*] [DE 11], and **DIRECTS** the Clerk of Court to keep this motion under seal.

The Court further **DIRECTS** the Clerk of Court to keep the Exhibits to Plaintiff's Complaint under seal until he files redacted versions. After he files redacted versions, the Clerk of Court is directed to include the original, unredacted exhibits as sealed attachments to the redacted version of the Complaint.

SO ORDERED this 11th day of September, 2014.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record.
Plaintiff, *pro se*