UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| ALEKSANDER SKARZYNSKI, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Cause No.: 2:14-CV-172-PRC |
|  | ) |  |
| ERIC H. HOLDER, JR., *et al.*, | ) |  |
| Defendants. | ) |  |

**OPINION AND ORDER**

This matter is before the Court on a Defendants' Motion to Quash Subpoenas [DE 20], filed on October 3, 2014. Plaintiff filed a response and a sixty-page memorandum in support on November 3, 2014. Defendants filed a reply on November 10, 2014.

Before reaching the motion to Quash, the Court considers Defendant's request that Plaintiff's memorandum in support be stricken. Response briefs may not exceed twenty-five pages unless there are "extraordinary and compelling reasons" why a longer brief is required. N.D. Ind. L.R. 7-1(e). No such reasons are apparent to the Court. On the contrary, a few pages of briefing would have been sufficient since there is only one issue in this motion and neither the facts nor the law are complex. The supporting memorandum, instead of providing a reasoned response to Defendant's motion, goes on at great length about topics such as game theory, John Locke, legal thinking, algorithms in medicine and law, etc., etc. The Court accordingly strikes it. *See McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001) (explaining that pro se status does not excuse failure to comply with procedural rules). In the future, moreover, Plaintiff should confine his briefing to the issues at hand.

## I. Background

In early August 2014, pro se Plaintiff issued a subpoena to Good Samaritan Hospital in Downers Grove, Illinois, seeking the medical file of a patient, S.W. Both the hospital and the patient are non-parties. Counsel for Defendants then sent Plaintiff a letter explaining that the subpoenas were discovery and that the request was premature since the parties had not yet conferred pursuant to Federal Rule of Civil Procedure 26(f). Defendants represent that, after receiving this letter, Plaintiff sent Defense counsel an email stating that he would withdraw the subpoena. On August 14, 2014, he filed a motion to withdraw subpoena. This Court denied that motion on September 11, 2014, explaining that the motion did not point to this Court's involvement in any subpoena.

On September 29, 2014, Plaintiff issued two more subpoenas seeking S.W.'s medical records from the Centers for Medicare & Medicaid Services in Baltimore, Maryland, and from Community Care Network in Munster, Indiana. According to Defendants, neither of these subpoenas included a release or consent from S.W. authorizing the release of her medical records.

On October 22, 2014, this Court granted Defendants' unopposed motion that discovery be stayed in this case pending resolution of their Motion to Dismiss.

## II. Analysis

The Federal Rules of Civil Procedure provide that parties may not "seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ." Fed. R. Civ. P. 26(d). Defendants point out that no such conference has taken place, contending that the subpoenas are hence premature. Plaintiff responds that he needs the medical records to support a qui tam action he wishes to pursue, asking that the Motion to Quash be denied in light of the provisions of Federal Rule of Procedure 27.

Plaintiff's objection is not well taken. While there are a few exceptions to the requirements

of Rule 26(f), none appear to apply here. Fed. R. Civ. P. 26(f). Moreover, Rule 27 deals with depositions to perpetuate testimony before an action is filed or pending appeal, not subpoenas for medical records in a case that has already been filed. *See* Fed. R. Civ. P. 27. The Court agrees with Defendants that these subpoenas are thus premature and should be quashed.

### III. Conclusion

The Court **GRANTS** Defendants' Motion to Quash Subpoenas [DE 20] and orders that the subpoenas served by Plaintiff be **QUASHED**.

SO ORDERED this 2nd day of December, 2014.

                                    s/ Paul R. Cherry
                                    MAGISTRATE JUDGE PAUL R. CHERRY
                                    UNITED STATES DISTRICT COURT

cc:    All counsel of record
        Plaintiff, pro se