# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| ALEKSANDER SKARZYNSKI, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:14-CV-172-PRC |
| | ) | |
| ERIC H. HOLDER, JR., *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss [DE 14], filed by Defendants on September 24, 2014, and a Motion to Add Claims [DE 32], filed by Plaintiff (who is proceeding pro se in this matter) on November 17, 2014. Both motions are fully briefed.[1]

## I. Background[2]

This case finds its genesis in a divorce and ensuing child custody dispute between Plaintiff and his ex-wife, Dorota Skarzynska. The two were married in Krakow, Poland, in 1999. Four years later Dorota gave birth to their son. In 2006, the family moved to Valparaiso, Indiana, where Plaintiff worked as a physician. But in May of 2007, Dorota took their son and left for Poland.

Plaintiff then filed for divorce in Porter County, Indiana, Superior Court. Two years later, on May 5, 2009, the Court entered a divorce decree dissolving the marriage. It appears that neither a final child custody order nor a child support provision was included in the divorce decree.

On June 3, 2011, a Porter County Deputy Prosecuting Attorney filed a petition to establish

---

[1] Defendants contend that Plaintiff did not file a response to their Motion to Dismiss. But, as Plaintiff points out, he does state in an earlier Motion to Amend Complaint (rendered moot by the Motion to Amend currently before the Court) that his motion also served as a response to the Motion to Dismiss. The Motion to Amend Complaint now before the Court superceded the earlier motion, and the Court construes it as a response to the Motion to Dismiss.

[2] Because this is before the Court a Motion to Dismiss and, what is much the same, a Motion to Amend Complaint opposed on the ground that amendment would be futile, the Court accepts as true all of Plaintiff's factual allegations. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

a child support order in the divorce case. On March 1, 2012, the court entered an Agreed Child Support Order, requiring Plaintiff to pay $300 per week.

On November 6, 2013, Plaintiff lost his job as a result of medical malpractice suits filed against him. On December 6, 2013, Plaintiff filed a petition for a modification of the child support order because of his loss of income. It appears that Plaintiff's ex-wife is still in Poland with their son and has refused all of Plaintiff's attempts to contact him. Plaintiff informs the Court that he filed a petition with the Consulate of France for determination of the appropriate custody jurisdiction, but it is unclear whether any proceedings were initiated.

## II. Analysis

### A. Motion to Amend Complaint

Federal Rule of Civil Procedure 15 governs amendments to pleadings and provides that when, as here, a party is no longer permitted to amend his pleading as a matter of course, the "party may [do so] only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires." Fed. R. Civ. P. 15(a). The U.S. Supreme Court has explained that "freely give" means that, in the absence of any apparent or declared reasons (e.g., undue delay, bad faith, dilatory motive), repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to an opposing party, or futility of the amendment, the court should grant leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

Defendants contend that the proposed amendments are futile. The standard for futility is the same standard of legal sufficiency that applies under Federal Rule of Civil Procedure 12(b)(6). *See Townsel v. DISH Network LLC*, 668 F.3d 967, 969 (7th Cir. 2012); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678–79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

As best as this Court can tell, Plaintiff's proposed Amended Complaint asks that the Court change the policy of the U.S. with respect to issues underlying his custody dispute and to adopt a corrected interpretation of the Equal Protection Clause. He also asks that he be given authorization to obtain documents related to one of his malpractice suits as well as documents related to a qui tam action he wishes to pursue.

The proposed Amended Complaint is far-ranging and looks to dozens of sources of law, including the Hague Abduction Treaty, the Constitution's Equal Protection Clause, and numerous federal statutes. But, even when construed very liberally, the proposed Amended Complaint fails to make at all clear what wrongful actions Defendants have taken or what redress could be obtained from them. His requests are so non-specific and jumbled together with fanciful legal theories that no plausible claim against any of the defendants can be discerned.[3] *See U.S. ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.").

Not only are the claims unclear, but it is far from certain that any of these claims—which relate to state-court cases for divorce and medical malpractice—would even fall under this Court's jurisdiction. *See McDonald–Bey v. Springer*, No. 1:12CV120, 2012 WL 1424937, at *2 (N.D. Ind. Apr. 24, 2012) (federal courts generally do not have jurisdiction over family law matters (citing *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581 (1979)); *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) (*Rooker–Feldman* doctrine); *Loeffler v. Frank*, 486 U.S. 549, 554 (1988) (sovereign immunity). Amendment in the way proposed by Plaintiff would be futile, and the Court accordingly denies Plaintiff leave to file his proposed Amended Complaint.

---

[3] Instead of addressing the substance of Defendant's response brief, Plaintiff's memorandum in support of his reply provides a seventeen-page disquisition on this nation's Puritan forebears, Reconstruction and race relations, as well as the unwritten rules of political conduct. This is a pattern: there are hundreds of pages of filings in this suit delving into subjects as diverse as the thought of legal philosopher H.L.A. Hart, game theory, John Locke, Polish linguistics, and the history of the Equal Protection Clause.

**B. Motion to Dismiss**

Plaintiff's original Complaint suffers from many of the same problems. As best as this Court can tell, he asks (1) that the U.S. exercise jurisdiction over the custody case involving his son if a petition filed with the Consulate of France indicates that the U.S. should have jurisdiction of the custody case; (2) that Poland's child support policy be changed to prohibit ex parte proceedings or, in the alternative, to arrange appearance by teleconference; (3) that jurisdiction of his medical malpractice case be changed from the state of Indiana to concurrent state and Federal jurisdiction; and (4) that this Court evaluate his proposal for assuring fairness of the malpractice proceedings.

As above, the Complaint fails to make at all clear what wrongful actions Defendants have taken or what redress could be obtained from them. Dismissal is thus warranted under Rule 12(b)(6). And, as with the proposed Amended Complaint, this Court has no confidence that it has jurisdiction over Plaintiff's claims, which seek to involve this Court in pending state-court actions. *See Remer v. Burlington Area Sch. Dist.*, 205 F.3d at 996; *see also McDonald–Bey v. Springer*, No. 2012 WL 1424937, at *2 (citing *Hisquierdo*, 439 U.S. at 581); *Loeffler*, 486 U.S. at 554.

**III. Conclusion**

The Court **DENIES** Plaintiff's Motion to Add Claims [DE 32] and **GRANTS** the Motion to Dismiss [DE 14]. This case is accordingly **DISMISSED without prejudice**.

SO ORDERED this 12th day of January, 2015.

 s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record
        Plaintiff, pro se